UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BRAD JEFFERY**                                               CIVIL ACTION

**VERSUS**                                                     **NO. 11-1131**

**NORANDA ALUMINA, LLC**                                       SECTION "B"(4)

## ORDER AND REASONS

Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) is **GRANTED** for the below reasons.

The first issue the court must resolve is whether the pleadings are legal conclusions. The Supreme Court held that legal conclusions must be supported by factual allegations and that recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Gonzales v. Kay*, 577 F. 3d 600, 603 (5th. Cir. 2009).

Assuming the veracity of the pleaded factual allegations, the court must determine which factual allegations plausibly give rise to an entitlement of relief. *Id.* at 1950. The Supreme Court held that a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. This requires the reviewing court to draw on its judicial experience and common sense and the plaintiffs must "nudge[] their claims across the line from conceivable to

plausible." *Twombley*, 550 U.S. at 570.

Here, viewing the facts in a manner most favorable to Plaintiff, Plaintiff has not shown any set of facts that would entitle Plaintiff to relief. Although it is possible for Plaintiff to qualify as a disabled person under the Louisiana statute, Plaintiff ultimately concedes that Section 301 of the Labor Management Relations Act ("LMRA") preempts the disability claims.[1] (Rec. Doc. 11 at 11). Because Plaintiff's state law claims are preempted by federal law, his only course of action is a breach of collective bargaining agreement ("CBA") claim under Section 301 of the LMRA. However, this course of action is barred by the applicable six-month statute of limitations, which expired in December 2010. (Rec. Doc. 5-1 at 10-11).

The cause of action arises from Plaintiff's termination from his employment with the Defendant on or around June 8, 2010. (Rec. Doc. 1-1 at 5-6). Prior to his termination, Plaintiff was screened for drug and alcohol use by the Defendant on May 25, 2010. (Rec. Doc. 1-1 at 4). After being notified of his impending drug screening, Plaintiff informed his union president that he was "dirty," and asked about drug treatment. (Rec. Doc. 1-1 at 4). After speaking with his union president, Plaintiff informed a co-

---

[1] Plaintiff admits that the resolution of the claims depends on the interpretation of the CBA and further requests a stay pending the result of Arbitration under the CBA. (Rec. Doc. 8 at 3-5). Defendant proved in its motion to dismiss that when the interpretation of a CBA is at issue, the applicable state law is preempted in favor of Section 301 of the LMRA. (Rec. Doc. 5-1 at 6-8).

worker that he was going to seek a urine sample of someone else for the screening. (Rec. Doc. 1-1 at 4-5). Plaintiff found a coworker to supply a sample of urine and he provided the sample at the drug test. (Rec. Doc. at 4-5). According to the complaint and the instant motion, Plaintiff was required to provide a second urine sample because of a problem with the first sample; however, according to the complaint, Plaintiff believed he was already discharged when the second sample was requested. (Rec. Doc. 1-1 at 5). Following the drug screening, Plaintiff was contacted by the union president and attended a meeting on June 8, 2010 where Plaintiff announced that he was seeking treatment for drug addiction. (Rec. Doc. 1-1 at 5). Prior to his request for treatment before the drug screen, Plaintiff had requested and been granted treatment for drugs by the Defendant. (Rec. Doc. 8 at 2). Following the June 8 meeting, the union president told Plaintiff he would be in touch, however, Plaintiff was not contacted and found new employment in June 2010. (Rec. Doc. 1-1 at 6).

     Plaintiff claims he was wrongfully terminated in retaliation after reporting his disability to his employers. (Rec. Doc. 1-1 at 6). Plaintiff seeks relief for disability discrimination under La. R.S. 23:322, intentional infliction of emotional distress, harassment, retaliation, and all damages arising therefrom. (Rec. Doc. 1-1 at 6). Alternatively, Plaintiff claims he is entitled to arbitration under the Union Agreement. (Rec. Doc. 1-1 at 7).

Plaintiff seeks lost back pay and front pay as well as all other lost employment benefits, damages for emotional and mental distress, pain and suffering, humiliation, embarrassment and loss of employment opportunity, past and present medical and pharmaceutical bills, cost of litigation, and attorneys fees and costs. (Rec. Doc. 1-1 at 7).

Under the LMRA, the six-month statute of limitations begins to run once the plaintiff is on notice of his injuries; the plaintiff has six months to file a complaint. *See Lee v. Cytec Indus., Inc.*, 460 F.3d 673, 676 (5th Cir. 2006). Plaintiff received notice of his injuries on June 8, 2010 when he was terminated. His time to file a claim expired on December 8, 2010. Since Plaintiff did not file his claim until April 4, 2011, his Section 301 claims are barred under the statute of limitations. *See* 29 U.S.C.A. §185.

New Orleans, Louisiana, this 10TH day of August, 2011.

_____
UNITED STATES DISTRICT JUDGE